Michael K. Friedland (SBN 157,217)
mfriedland@kmob.com
Paul N. Conover (SBN 192,358)
pconover@kmob.com
Ali S. Razai (SBN 246,922)
ali.razai@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff Oakley, Inc

GIBBS GIDEN LOCHER TURNER & SENET LLP
Richard J. Wittbrodt (State Bar No. 138829)
rwittbrodt@gglts.com
1880 Century Park East, 12th Floor
Los Angeles, CA 90067-1621
Telephone: (310) 552-3400
Facsimile: (310) 552-0805

Attorneys for Defendants
Predator Outdoor Products, LLC and Hunter Specialties, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>PREDATOR OUTDOOR PRODUCTS, LLC, a Pennsylvania limited liability company; HUNTER SPECIALTIES, INC., an Iowa corporation; WOODS & WATER, INC., an Alabama corporation; TGS.COM, INC. d/b/a MIDWESTHUNTEROUTLET.COM, a Wisconsin corporation,<br><br>Defendants. | Civil Action No. SACV11-00456 JVS (PLAx)<br><br>———————<br><br>**JOINT AMENDED PROTECTIVE ORDER** |

Plaintiff OAKLEY, INC. and Defendants, PREDATOR OUTDOOR PRODUCTS, LLC and HUNTER SPECIALTIES, INC., (collectively, the "Parties") have requested that the following stipulated protective order be entered by the Court in the above-captioned action (this "Action").

## I. GOOD CAUSE STATEMENT

The Parties anticipate that they will be using or producing documents, information, tangible objects and things in this matter that contain confidential information including, but not limited to, trade secrets, confidential research, development, technology, or commercial information, or other proprietary and highly confidential information of the Parties or third parties ("Confidential Information").  The Parties wish to protect the Confidential Information by subjecting it to a Protective Order.  Accordingly, the Parties have agreed to the following Protective Order.  The agreed Protective Order restricts the dissemination and disclosure of the Confidential Information in furtherance of the legitimate interests of the Parties' businesses.  The Parties submit that good cause exists for the entry of the agreed Protective Order.

It is therefore ORDERED as follows:

## II. PURPOSES AND LIMITATIONS

1. Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Joint Amended Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties

further acknowledge, as set forth below, that this Joint Amended Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### III. NATURE OF INFORMATION AND MATERIALS PROTECTED

2. *Applicability.* "Confidential Information" shall include materials designated "CONFIDENTIAL" and "CONFIDENTIAL ATTORNEY'S EYES ONLY" which include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs. Any party may deem any information to be Confidential Information which: (a) constitutes or contains trade secrets, research, know-how, identification of customers, amounts or sources of any income, profits, losses, or expenditures, financial, accounting, tax or developmental information, or information concerning the marketing, sales, purchases, pricing, commission or business strategies of the producing party; (b) if disclosed to another party would harm or disadvantage the commercial interests of the producing party; (c) is subject to a non-disclosure or confidentiality agreement with a third party; or (d) otherwise meets the standards for protection set forth in Fed. R. Civ. P. 26(c).

3. *Confidential Information of Third Parties.* The term "producing party" encompasses not only the Parties, but also third parties who may disclose or produce information, *e.g.*, in response to a subpoena.

4. *"Confidential Information."* All Confidential Information shall be used solely for the purpose of this Action and for no other purpose whatsoever and shall not be disclosed to any person or entity except in accordance with the terms of

///

this Order. Notwithstanding the foregoing, a producing party is not so restricted in the use of its own Confidential Information that it produces.

**IV.   RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION**

5.   Each party to this litigation that produces or discloses Confidential Information in any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

   a.   Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

   b.   Designation as "CONFIDENTIAL – ATTORNEYS EYES ONLY": Any party may designate information as "CONFIDENTIAL – ATTORNEYS EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

6.   *Access to information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY."* Information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" must be viewed only by counsel of record for any party, Other law firm attorneys, Law firm personnel, Service bureaus and by Independent experts under the conditions set forth in this Paragraph, and Other qualified persons. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an Independent expert must provide the producing party with the name and curriculum vitae of the proposed Independent

expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within five (5) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an Independent expert if the five (5) day period has passed and no objection has been made. The approval of Independent experts must not be unreasonably withheld.

7. *Access to information designated "CONFIDENTIAL."* Information designated "CONFIDENTIAL" must be viewed only by those with access to information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY," as recited in Paragraph 5, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure:

   a. Executives who are required to participate in policy decisions with reference to this Action;

   b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c. Stenographic and clerical employees associated with the individuals identified above.

8. *Definitions.* Certain terms referenced above are defined as follows:

   (a) *"Other law firm attorneys"* means attorneys who are members or employees of the law firms of the outside attorneys of record for any party but who are not themselves of record.

   (b) *"Law firm personnel"* means regular full-time or part-time employees of the law firms of the outside attorneys of record for any party to whom it is necessary that the Confidential Information in question be disclosed for purposes of this Action.

(c) *"Independent expert"* means a person, not employed by the receiving party, who is retained by that Party or its attorneys of record in this matter, for the purposes of serving as a testifying expert or expert consultant in the litigation.

(d) *"Service bureau"* means a company or person that is engaged by counsel of record to perform court reporting or clerical-type services in connection with this Action (*e.g.,* photocopying, imaging, computer data entry).

(e) *"Other qualified persons"* means any other person who is (i) designated by written agreement of the Parties, or (ii) designated by order of the Court.

9. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Order if: (a) the Information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section, only the reporter, the person, his or her counsel, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section does not constitute a waiver of the confidential status of the material so disclosed.

10. *Confidential Information of nonparties*. In the event that a Party seeks discovery from a nonparty to this action, the nonparty may designate its responsive

///

information "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" so that such information is subject to the terms of this Order.

11. *Disclosure to certain persons associated with producing party*. Nothing in this Order shall preclude any Party from showing Confidential Information to an individual currently employed by the producing party.

12. *No waiver of right or obligation to object to production*. Nothing contained in this Order shall be construed as a waiver by any Party of its right to object to the subject matter or scope of any discovery in this Action.

13. *Requests for additional protection*. This Order shall be without prejudice to the right of the Parties to request additional confidentiality protection from the Court. In the case of a dispute regarding the designation or disclosure of confidential information, the Parties must proceed pursuant to Local Rule 37.

## V. DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION

14. *Labeling of documents*. Information being designated as protected that is in documentary or other tangible form shall be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**

**SUBJECT TO PROTECTIVE ORDER**

or,

**CONFIDENTIAL – ATTORNEYS EYES ONLY**

**SUBJECT TO PROTECTIVE ORDER**

15. *Designation of other disclosures*. Information being designated as protected that is not in documentary or other tangible form, or that cannot

///

conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

16. *Preliminary designation of documents being inspected.* If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential." Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark the original documents and/or the copies of such documents with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

17. *Requests for declassifying Confidential Information.* At any time that a Party objects to a designation of the materials as Confidential Information the parties shall resolve the objection pursuant to Local Rule 37-1.In the event of such a dispute, the disputed information shall still be treated in the manner designated by the producing party until the dispute is resolved.  The Joint Stipulation required by Local Rule 37 may be filed under seal by filing a stipulation to that effect or the moving party may file an *ex parte* application requesting such filing and setting forth good cause for filing under seal.

18. *Designation of and procedure for any deposition testimony.* The following procedures shall be followed if Confidential Information of a producing party is discussed or disclosed in any deposition permitted in this proceeding.

    (a) The producing party shall have the right to exclude from attendance at the deposition, during such time the producing party reasonably believes Confidential Information will be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled access to the Confidential Information.

    (b) At any time on the record during a deposition the producing party may designate any portion of the deposition and transcript thereof to be

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." The originals of the deposition transcripts and all copies of the deposition transcript must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

(c) Alternatively, such a designation of deposition confidentiality may be made in writing within twenty (20) calendar days after counsel receives a copy of the transcript of the deposition. The designation shall contain a list of the numbers of the pages and lines of the transcript that are being designated as containing Confidential Information. Such designation shall be provided in writing to all counsel of record. All counsel of record shall treat all deposition transcripts as "Confidential" for the first twenty (20) calendar days after receipt of such deposition transcripts.

19. *Inadvertent production.* If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" - SUBJECT TO PROTECTIVE ORDER."

## VI. FILING OF CONFIDENTIAL INFORMATION AND HEARINGS

20. *Court Filings and Hearings.* Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal in accordance with L.R. 79-5.1 and/or any other applicable rule. The receiving and producing parties may in the alternative agree, however, that materials marked as confidential may be filed under the ordinary procedure (i.e., not under seal), or may be filed with appropriate redactions. A receiving party may use Confidential Information during any hearing or trial that occurs before the Court, and the producing party bears the responsibility to seek any appropriate order from the Court relating to the protection of the confidentiality of such Confidential Information used during any such hearing or trial.

## VI. MISCELLANEOUS

21. *Return and destruction of documents.* Except as set forth below, within sixty (60) days of final termination of this Action, including the termination of any appeal and/or the expiration of the time allowed for appeal, the attorneys of record for each receiving party shall return to each producing party or its attorney of record all Confidential Information (and any copies thereof) that has been furnished to it by the producing party. At the option of the receiving party, such information may be destroyed in lieu of being returned, with appropriate written notice of destruction being furnished by the receiving party. This Section does not require the receiving party to destroy or alter any of its computer archival and backup tapes or archival and backup files (for example and without limitation, if a receiving party might internally circulate a producing party's confidential document by email, which email might then automatically be preserved in the receiving party's computer backup tapes) provided that such tapes and files shall be kept

confidential in accordance with the terms of this Order. Attorneys for the Parties also may retain copies of documents or materials marked as Confidential, pursuant to their respective document retention policies.

22. *Subpoena by other courts, agencies or persons.* If another court, agency or person subpoenas or orders production of Confidential Information that a Party has obtained under the terms of this Order, such Party shall immediately (and as many days as possible prior to the date of the return of the subpoena) notify the producing party of such subpoena or orders. The responsibility of the subpoenaed Party to protect the Confidential Information shall be fulfilled upon the giving of such notice.

23. *Termination.* If this case does not proceed to trial, the provisions of this Order protecting Confidential Information shall not terminate at the conclusion of this Action. If this case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order will become public, unless good cause is shown to the district judge in advance to the trial to proceed otherwise.

24. *No Prejudice.* Producing or receiving "Confidential Information," or otherwise complying with the terms of this Order, will not: (a) operate as an admission by any party that any particular "Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material; (f) prejudice the right of any party to object to the production of any discovery material on the

grounds that the material is protected as privileged or as attorney work product; (g) bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed; or, (h) prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25.  The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.

26.  The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

27.  Transmission by either facsimile or electronic mail is acceptable for all notification purposes within this order.

28.  This Order may be modified by agreement of the parties, subject to approval by the Court.

29.  The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

30.  The Parties hereto also acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product

1  documents may occur.  If a party, through inadvertence, produces or provides
2  discovery that it reasonably believes is privileged or otherwise immune from
3  discovery, that party shall promptly so advise the receiving party in writing, state
4  and substantiate the basis for the alleged privilege or immunity and the reasonable
5  and diligent efforts made to prevent disclosure, and request that the item or items of
6  information be returned.  If these conditions are met, the receiving parties shall
7  return to the producing party such inadvertently produced materials and all copies
8  thereof within ten (10) calendar days of receipt of the written request.  Return of the
9  materials shall not constitute an admission or concession, or permit any inference,
10 that the returned materials are, in fact, properly subject to a claim of privilege or
11 immunity from discovery, nor shall it foreclose any party from moving the Court
12 for an order that such materials have been improperly designated or should be
13 produced in accordance with the Federal Rules of Civil Procedure, but only for
14 reasons other than that the inadvertent production caused a waiver.  In the case of a
15 dispute the Parties will proceed pursuant to Local Rule 37.

17 Done this _20th_ day of January, 2012
18 By the Court:

*[signature: Paul L. Abrams]*

Honorable Paul Abrams
United States Magistrate Judge

22 Requested and Stipulated to by Counsel for the Parties:

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  January 18, 2012 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | | |
| 4 | | By: */s/Ali S. Razai* |
| 5 | | Michael K. Friedland<br>Paul N. Conover<br>Ali S. Razai |
| 6 | | |
| 7 | | Attorneys for Plaintiff Oakley, Inc. |
| 8 | | |
| 9 | Dated:  January 18, 2012 | MCKEE, VOORHEES & SEASE, P.L.C |
| 10 | | |
| 11 | | |
| 12 | | By: */s/Jeffrey D. Harty (with permission)*<br>Jeffrey D. Harty |
| 13 | | Richard J. Wittbrodt |
| 14 | | GIBBS GIDEN LOCHER TURNER & SENET LLP |
| 15 | | Attorneys for Defendants |
| 16 | | Predator Outdoor Products, LLC and Hunter Specialties, Inc. |

12602116