1  Michael K. Friedland (SBN 157,217); mfriedland@kmob.com
   Paul N. Conover (SBN 192,358); pconover@kmob.com
2  Ali S. Razai (SBN 246,922); ali.razai@kmob.com
   KNOBBE, MARTENS, OLSON & BEAR, LLP
3  2040 Main Street, Fourteenth Floor
   Irvine, CA  92614
4  T:  (949) 760-0404; F:  (949) 760-9502

5  Attorneys for Plaintiff Oakley, Inc.

6  Richard J. Wittbrodt (SBN 138829); rwittbrodt@gglts.com
   GIBBS GIDEN LOCHER TURNER & SENET LLP
7  1880 Century Park East, 12th Floor
   Los Angeles, CA 90067-1621
8  T:  (310) 552-3400; F:  (310) 552-0805

9  Jeffrey D. Harty (Admitted *Pro Hac Vice*); jeff.harty@ipmvs.com
   Edmund J. Sease  (Admitted *Pro Hac Vice*); ed.sease@ipmvs.com
10 McKee, Voorhees & Sease, P.L.C.
   801 Grand Avenue, Suite 3200
11 Des Moines, Iowa 50309
   T: (512) 288-3667; F: (515) 288-1338
12
   Attorneys for Defendants
13 Predator Outdoor Products, LLC and
   Hunter Specialties, Inc.
14

15                IN THE UNITED STATES DISTRICT COURT

16              FOR THE CENTRAL DISTRICT OF CALIFORNIA

17                          SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation, | Case No. SACV11-00456 JVS (PLAx) |
| Plaintiff, | **FINAL CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| PREDATOR OUTDOOR PRODUCTS, LLC, a Pennsylvania limited liability company; HUNTER SPECIALTIES, INC., an Iowa corporation; WOODS & WATER, INC., an Alabama corporation; TGS.COM, INC. d/b/a MIDWESTHUNTERSOUTLET.COM, a Wisconsin corporation, | |
| Defendants. | |

Plaintiff Oakley, Inc. ("Oakley") and Defendants Predator Outdoor Products, LLC ("Predator") and Hunter's Specialties, Inc. ("Hunter's") (hereinafter collectively referred to as "Defendants") hereby stipulate and jointly move for entry of final judgment as follows:

WHEREAS, Oakley and Defendants entered into a Confidential Settlement Agreement ("Settlement Agreement") that disposed of all the claims in this Action; and

WHEREAS, pursuant to the Settlement Agreement, Oakley and Defendants have agreed to the entry of a Final Consent Judgment and Permanent Injunction that will provide as follows:

1. That this Court has subject matter jurisdiction over this action as well as personal jurisdiction over Oakley and Defendants Predator and Hunter's.

2. That venue is proper in this judicial district.

3. That Oakley is the owner of U.S. Design Patent No. D523,461 (the "D461 patent").

4. That the claim of the D461 patent is valid and enforceable.

5. That Defendant Hunter's has used, manufactured, sold, offered for sale, and/or imported into the U.S. versions 1, 2 and 3 of the i-Kam Xtreme Video Eyewear, depicted in Exhibits 1-3, respectively, which are attached hereto ("Accused Eyewear").

6. That Defendant Predator has used, manufactured, sold, offered for sale, and/or imported into the U.S. version 1 of the Accused Eyewear.

7. That Defendants infringe the D461 patent by their use, manufacturing, sale, offer for sale, and/or importation into the U.S. of the Accused Eyewear.

8. Pursuant to the Patent Act, 35 U.S.C. § 283, Defendants, together with their officers, members, directors, agents, servants, employees and affiliates thereof, representatives and attorneys, and all persons acting or

attempting to act in concert or participation with them, are permanently enjoined and restrained from making, using, offering to sell, selling, or distributing within the United States, its territories and possessions, or by importing into the United States, its territories and possessions, the Accused Eyewear, or any other goods that are no more than colorable variations thereof and that infringe the D461 patent, during the life of the D461 patent.

9. That Final Judgment be entered in favor of Oakley against Defendants on Oakley's causes of action for infringement of the D461 patent and unfair competition stemming from Defendants' infringement of the D461 patent and Defendants' counterclaims for non-infringement and invalidity of the D461 patent.

10. That the remaining claims and counterclaims, asserted in this litigation, be dismissed with prejudice.

11. That no other or further relief be granted to Oakley or Defendants with respect to each other.

12. That Oakley and Defendants affirmatively waive any and all rights to appeal this Final Consent Judgment and Permanent Injunction.

13. That each party will bear its own costs and attorneys' fees for this action.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14. That this Court retain jurisdiction to monitor and enforce compliance with the Permanent Injunction.

**IT IS SO STIPULATED AND AGREED:**

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 20. 2012      By: */s/ Ali S. Razai*
                                  Michael K. Friedland
                                  Paul N. Conover
                                  Ali S. Razai
                                  Attorneys for Plaintiff Oakley, Inc.

MCKEE, VOORHEES & SEASE, P.L.C.

Dated: August 20, 2012      By: */s/ Jeffrey D. Harty*
                                  Jeffrey D. Harty

                                  Richard J. Wittbrodt
                                  GIBBS GIDEN LOCHER TURNER & SENET LLP
                                  Attorneys for Defendants Predator Outdoor Products, LLC and Hunter's Specialties, Inc.

**IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS HEREBY ENTERED.**

Dated: August 21, 2012      _____
                                  Honorable James V. Selna
                                  UNITED STATES DISTRICT COURT JUDGE

13754495
080712

# EXHIBIT 1

*Multiple Views of i-KAM X-TREME Version 1*







## **EXHIBIT 2**
*Multiple Views of i-KAM X-TREME Version 2*







# **EXHIBIT 3**
*Multiple Views of i-KAM X-TREME Version 3*





